NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0113n.06

No. 22-1306

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| SHAWN DARNELL JEFFERSON, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

FILED
Mar 07, 2023
DEBORAH S. HUNT, Clerk

Before: SUTTON, Chief Judge; SILER and MATHIS, Circuit Judges.

SILER, Circuit Judge. Defendant Shawn Darnell Jefferson pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). At sentencing in 2022, he objected to the district court's application of the career offender designation under USSG § 4B1.1 and a 3-level enhancement for possession of a dangerous weapon under USSG § 2B3.1(b)(2)(E). His argument as to the career offender designation is unpersuasive. The district court's finding that he was incarcerated for two different prior felonies within the past fifteen years, as required by the statute, was not clearly erroneous. Moreover, Jefferson admits that *United States v. Tate*, 999 F.3d 374 (6th Cir. 2021), forecloses his argument as to the enhancement for possession of a dangerous weapon. We **AFFIRM** on both issues. As both Jefferson and the government agree, the case is **REMANDED** solely for the district court to conform the written judgment to the court's oral sentence.

## I. Background

Between late December 2018 and early January 2019, Jefferson committed three bank robberies. He pleaded guilty to all three crimes in 2019. At sentencing, Jefferson objected to the application of the career offender designation under USSG § 4B1.1. He argued that his 1993 armed robbery conviction was too old to count as a career offender predicate offense and, further, that there was not enough evidence to find that his post-release parole violation and subsequent incarceration for a 1997 armed robbery pulled his 1993 conviction within the fifteen-year look-back period under USSG §§ 4A1.2(e)(1) and 4A1.2(k)(2).

The district court disagreed, finding that the career offender designation applied. Per the district court's reasoning, Jefferson was first convicted of armed robbery in 1993. He was paroled in 1997 and charged with a subsequent armed robbery later that year, while he was out on parole. He was convicted and sentenced for the 1997 armed robbery in 1998. Because Jefferson remained in prison until after December 2003—the relevant month for the fifteen-year look-back period— for the 1998 conviction, the district court found that both predicate felonies were within the look-back period and applied the career offender designation. The district court concluded that Jefferson was serving the rest of his 1993 sentence concurrently with the 1998 sentence within fifteen years of the bank robberies Jefferson committed in 2018 and 2019.

Jefferson also objected to a 3-level enhancement under USSG § 2B3.1(b)(2)(E) for possession of a dangerous weapon. He argued that the dangerous weapon enhancement was inapplicable because he did not possess a gun during the robberies and only passed a note explaining that he was robbing each bank and that he had a gun. During one of the robberies, he also mimed having a gun by putting his hand in his pocket and making a gun-like hand motion. During the sentencing hearing, Jefferson conceded that his argument was foreclosed by this court's

decision in *Tate*, 999 F.3d 374. He only sought to preserve the argument for further appellate review.

Jefferson was sentenced to 120-months confinement on each count of armed robbery to be served concurrently to any undischarged term of imprisonment. He pleaded guilty without a plea agreement and preserved his right to appeal the career offender designation and dangerous weapon enhancement.

## II. Standard of Review

The court reviews findings of fact for clear error, *United States v. Galaviz*, 645 F.3d 347, 360 (6th Cir. 2011), and questions of law de novo. *United States v. Havis*, 927 F.3d 382, 384 (6th Cir. 2019) (en banc) (per curiam). As a threshold matter, Jefferson argues that the court should apply de novo review to each argument he makes regarding the career offender designation. This is incorrect. This court tests for clear error when reviewing a district court's finding that a defendant was imprisoned within the fifteen-year look-back period. *United States v. Reid*, 751 F.3d 763, 768–69 (6th Cir. 2014) (testing for clear error when the district court found a term of imprisonment for a parole violation resulted from a prior conviction); *Galaviz*, 645 F.3d at 360 (same).

## III. Analysis

To be designated as a career offender, among other things, the defendant must have been incarcerated for two different violent or drug related felonies within fifteen years of the armed robberies in question here. Jefferson argues that the district court erroneously found that his 1993 armed robbery counted as a predicate felony for that designation. The district court did not clearly err in applying the career offender designation because the record shows that he likely served time concurrently for his 1993 and 1997 armed robberies within fifteen years of the offense at issue—

his parole for the 1993 armed robbery was revoked when he was arrested for the 1997 crime. Because we affirm on this issue, we need not decide whether Jefferson's dangerous weapons enhancement was properly applied. As Jefferson notes, the dangerous weapons enhancement does not affect his guidelines range since we affirm on the career offender designation.

1. Career Offender Designation

The district court properly applied the career offender designation. The only question before the court is whether Jefferson was incarcerated within the fifteen-year look-back period required for application of career offender status. Defendant's parole for his 1993 armed robbery, one of his two predicate convictions triggering the career offender designation, was revoked after he was convicted of a second armed robbery. He was then imprisoned for both convictions, concurrently, within the fifteen-year look-back period. Because the district court did not clearly err, we affirm.

Under USSG § 4B1.1(a), a defendant is a career offender if he is (1) "at least eighteen years old" when convicted; (2) "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense"; and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Only the third requirement is at issue in this appeal. Both prior felony convictions must be scoring offenses under the Sentencing Guidelines. USSG § 4B1.2(c)(2). Relevant here, a prior conviction counts as a scoring offense under § 4A1.2(e)(1), if the "sentence of imprisonment exceed[ed] one year and one month [and] was imposed within fifteen years of the defendant's commencement of the instant offense[.]" Further, "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period[]" is also counted as a scoring offense. *Id.* Prison time served because of a parole violation counts as part of the fifteen-year look-back period if the predicate offense

underlying the period of parole was a scoring offense, as was the case for Jefferson's multiple armed robberies. *Id*. at §§ 4A1.2(e), (k).

Jefferson makes two arguments as to why his 1993 armed robbery should not count as a predicate offense within the fifteen-year look-back period. First, he argues that under Michigan Department of Corrections Policy Directive 03.01.135, his sentence for the 1993 crimes *could have* "expired" even if it was not "discharged" or "terminated" because of his subsequent 1997 armed robbery. Second, he argues that there is no evidence in the record that the Michigan Parole Board rescinded his parole for the 1993 armed robbery based on finding that he violated the terms of his release when he was convicted of the 1997 armed robbery. Both arguments are without merit. But we need only address the latter because the district court did not clearly err in finding that Jefferson's parole was revoked for the 1993 armed robbery when he was arrested and sentenced for the 1997 armed robbery.

Per the Michigan Supreme Court, "once arrested in connection with the new felony, the parolee continues to serve out any unexpired portion of his earlier sentence unless and until discharged by the Parole Board." *State v. Idziak*, 773 N.W.2d 616, 624 (Mich. 2009). "[T]he parolee is 'liable, when arrested, to serve out the unexpired portion of his [] maximum imprisonment' and [] resumes serving that term of imprisonment on the date of his availability for return to the DOC, which in this case is synonymous with the date of his arrest." *Id*. at 625 (citing MCL § 791.238(2)). This analysis is in line with the Policy Directive included in the sentencing materials relied upon by the district court. "[I]f an offender is serving consecutive sentences, none of the sentences that are part of the consecutive string shall be terminated until all sentences in that string have been served." Mich. Dep't of Corr., Policy Directive 03.01.135.

Here, the evidence included in the sealed sentencing exhibits, particularly the "Basic Information Sheet" dated August 7, 1998, at minimum, could lead the district court to believe Jefferson's parole was revoked for the 1993 offense in line with the Policy Directive and case law discussed above. The "Basic Information Sheet" is titled "Committed," and states "NC Parole Viol w/ New Sent.," which likely means "New Commitment -- Parole Violation with New Sentence." In the section titled "Previous Sentence Information," it lists Jefferson's 1993 sentence of 5 to 20 years for "robbery armed" as A-234042. It then states: "By reason of incurring another sentence while on parole, the Parole Board has rescinded the parole order under which you were released." This evidence is similar to that presented in *Reid*, where this court affirmed the district court's application of the career offender designation when the defendant's "Certificate of Termination" showed that his imprisonment was terminated for some charges but not those relevant to the career offender designation. 751 F.3d at 769. The same is true here. Although the district court could have further explained what it relied on in applying the career offender designation, Jefferson does not point to any authority requiring it to do so, and the information on the Basic Information Sheet is enough to show that the district court did not clearly err. Jefferson's parole was most likely revoked as a matter of course when he was arrested for a subsequent armed robbery in 1997. Assuming this to be true, Jefferson was then imprisoned for both armed robbery charges until after December 2003, the relevant date for the fifteen-year look-back requirement. Because the district court did not clearly err, we affirm.

2. Dangerous Weapon Enhancement

Jefferson also challenges the application of a three-level enhancement under USSG § 2B3.1(b)(2)(E) for "possess[ion]" of a weapon during his bank robberies. He argues that the enhancement is inapplicable because he never possessed a weapon during the robberies, but instead insinuated that he had a weapon by motioning with his hand in his pocket. The issue is

foreclosed under *Tate*, where this court held that the actions of "a robber [who] uses his concealed hand to reasonably suggest the existence of a weapon" are "sufficient to satisfy § 2B3.1(b)(2)(E)." 999 F.3d at 384.

3. <u>Limited Remand to Conform the Judgment</u>

The parties agree that limited remand is proper to conform the oral sentence to the written judgment. When there is a discrepancy between the written judgment and the oral sentence, the oral sentence controls. *United States v. Bowens*, 938 F.3d 790, 801 (6th Cir. 2019). Here, remand is proper to correct the written judgment. The written judgment states that Jefferson's sentences run "concurrently to the parole violation that is pending with the Michigan Department of Corrections." However, in its oral sentence, the district court stated the sentence "shall be served concurrently to any undischarged term of imprisonment that the defendant is currently serving with the [Michigan] Department of Corrections as well as any additional sentence for parole violation."

The district court is **AFFIRMED** as to Jefferson's designation as a career offender under USSG § 4B1.1 and application of the dangerous weapons enhancement under USSG § 2B3.1(b)(2)(E). The case is **REMANDED** solely for the district court to conform the written judgment to the sentence orally stated at the sentencing hearing.